**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 16-08792 BKT** |
| **L&R DEVELOPMENT & INVESTMENT CORP** | **Chapter 11** |
| | **Adversary No. 17-00100** |
| **Debtor(s)** | |
| **L&R DEVELOPMENT & INVESTMENT CORP** | |
| **Plaintiff** | |
| **vs.** | |
| **CEMEX DE PUERTO RICO; ET AL** | |
| **Defendant(s)** | **FILED & ENTERED ON 10/27/2017** |

## <u>OPINION & ORDER</u>

Before the court is Co-Defendants' NRR Enterprises, LLC, Hector Noel Roman Ramos, Myrna Enid Perez Vega, and their legal conjugal partnership's ("Co-Defendants") *Motion to Dismiss* [Dkt. No. 25] and Plaintiff/Debtor L&R Development & Investment Corporation's *Opposition to Motion to Dismiss filed by the Romans* [Dkt. No. 28]. For the reasons stated below, Co-Defendants' *Motion to Dismiss* is DENIED.

In a pair of watershed cases —<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009), and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007) — the Supreme Court retreated from the historic

pleading standard that it had previously established in Conley v. Gibson, 355 U.S. 41, 45-48 (1957), and replaced that standard with a standard centered on plausibility. This plausibility standard has become the "new normal" in federal civil practice. A.G. v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013).

A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); see also Grajales v. Puerto Rico Ports Auth., 682 F.3d 40, 44 (1st Cir. 2012). Dismissal of a complaint is inappropriate if the complaint satisfies this Rule 8(a)(2)'s requirement. Ocasio–Hernandez v. Fortuno–Burset, 640 F.3d 1, 11 (1st Cir.2011). In order to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft, at 1949; Bell Atlantic Corp, at 555; Katz v. Pershing, LLC, 672 F.3d 64, 72–73 (1st Cir.2012) (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable...." Ashcroft, at 678. A well-pleaded complaint may survive a motion to dismiss even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely. Bell Atlantic Corp, at 556.

In the case at hand, the Co-Defendants' motion to dismiss argues the dismissal standard of Rule 12(b)(6), made applicable to bankruptcy proceedings by Fed. R .Bankr. P. 7012, by stating that the complaint falls short of the standards for stating a claim, and that turnover pursuant to 11 U.S.C. § 542 is inapplicable. Moreover, the Co-Defendants assert that the monies sought by Plaintiff are not property of the estate and/or that no fraudulent transfer ever took place. Co-Defendants buttress their

arguments by providing a recital of facts and cites to the pertinent sections of the Bankruptcy Code and case law. In short, a full throttle defense of Plaintiff's allegations. The Co-Defendants' arguments however are misplaced at this stage of the proceedings. In resolving a motion to dismiss the court must determine whether the factual content allows a reasonable inference that the defendant is liable for the alleged misconduct. The complaint must contain sufficient factual matter to state a plausible claim. Grajales, 682 F.3d at 44. The purpose of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is to assess the legal feasibility of a complaint, not to weigh the evidence which the plaintiff offers or intends to offer. See Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2nd Cir.1984); Citibank, N.A. v. K-H Corp., 745 F.Supp. 899, 902 (S.D.N.Y.1990).

The Plaintiff in this case has met this burden. "The prima facie standard is an evidentiary standard, not a pleading standard, and there is no need to set forth a detailed evidentiary proffer in a complaint." Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 54 (1st Cir. 2013).

For the reasons stated above, the Co-Defendants' Motion to Dismiss is DENIED. The Defendant shall file an answer to the Complaint within twenty-one (21) days. The Clerk shall schedule an Initial Scheduling Conference.

SO ORDERED

San Juan, Puerto Rico, this 27th day of October, 2017.

Brian K. Tester
U.S. Bankruptcy Judge