**IN THE UNITED STATES BANKRUPTCY COURT FOR**
**THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:**<br><br>**L & R DEVEOLPMENT &**<br>**INVESTMENT CORP.**<br><br><br>**Debtor(s)** | **CASE NO.   16-08792   BKT**<br><br>**Chapter 11**<br><br>**Adversary No. 17-00100** |
| **L & R DEVEOLPMENT &**<br>**INVESTMENT CORP.**<br><br>**Plaintiff**<br><br>**vs.**<br><br>**CEMEX DE PUERTO RICO;**<br>**NRR ENTERPRISES, LLC;**<br>**HECTOR NOEL ROMAN RAMOS;**<br>**MYRNA ENID PEREZ VEGA; THE**<br>**LEGAL CONJUGAL PARTNERSHIP**<br><br>**Defendant(s)** | <br><br><br><br><span style="color:red">**FILED & ENTERED ON 10/17/2018**</span> |

**<u>OPINION & ORDER</u>**

At the hearing held on September 26, 2018, the court took under advisement the matter of the sequence of events and the deadlines related to discovery. The following motions were considered: On July 11, 2018, Plaintiff L&R Development & Investment Corp (hereinafter "L&R")

filed its *Motion to Extend Discovery Period* [Dkt. No. 81] requesting the discovery period be extended to conclude on September 18, 2018; the court's *Order* dated July 20, 2018, extending the discovery period for all the parties to **September 10, 2018** [Dkt. No. 83] (emphasis ours); L&R's *Debtor's Response to Recent Motions filed by the Romans, Request for Hearing and that Period to Conclude Discovery be Stayed filed on August 21, 2018* [Dkt. No. 90]; and the court's *Order* staying the period for discovery, as to the Plaintiff, until the September 26, 2018 hearing [Dkt. No. 91].

On September 18, 2018, Co-Defendant CEMEX Puerto Rico, Inc. (hereinafter "CEMEX") filed a *Request for Leave and Extension of Time* [Dkt. No. 93] informing the court that on that very same day a short set of interrogatories was served on L&R. CEMEX erroneously stated in its motion that the deadline to conclude discovery was September 18, 2018. Nineteen (19) days after the court's last Order [Dkt. No. 91], on September 19, 2018, Defendants, Hector Noel Roman Ramos, Myrna Enid Perez Vega, and the Legal Conjugal Partnership between them (hereinafter "Defendants") filed a *Motion to Inform Discovery Request on Debtor* [Dkt. No. 94]. The Defendant's motion stated that a discovery request in the form of interrogatories, request for admissions and production of documents had been served on L&R. Upon receipt of this motion, L&R filed a *Motion to Inform Intent to Object Belated Discovery* [Dkt. No. 95] stating that its objection to this discovery request would be argued in open court at the September 26, 2018 hearing. On the day of the scheduled hearing, Defendants filed their *Opposition to Motion to Inform Intent to Object Belated Discovery* [Dkt. No. 96] arguing that given the court's previous *Order* at docket number 91, discovery was

2

stayed for all of the parties. Therefore, their service upon L&R for discovery was proper.

L&R's motion requesting that the discovery period be stayed up to the September 26, 2018, sets forth a series of events between the parties that details the discovery issues that have plagued this adversary proceeding for several months. In its motion, L&R states at paragraph 17 page 5: "17. Nevertheless, since the Motion to Compel Discovery filed on July 27, 2018 is still pending, the Debtor respectfully requested [sic] that until this matter is resolved such period to conclude discovery be stayed **as to the Debtor**." (emphasis ours). Paragraph 17 ends with footnote number 3 which states: "Defendants should be precluded from conducting discovery since they never submitted any timely requests."[1] The 'Wherefore' of this same motion reads as follows: "Wherefore, the Debtor requests this Honorable Court that it takes notice of the above stated clarifications, that any argument related to the Debtor's Motion to Compel Discovery be scheduled for the September 26, 2018 hearing and **that the time for the Debtor to concluded [sic] discovery** be stayed until the resolution of this matter." Id. at page 5. (emphasis ours). It is clear from the reading of this motion that L&R's request for the discovery period to be stayed, applied only to them and not to the Defendants or CEMEX.

Orders which 'grant' or 'deny' motions in this adversary proceeding, as in all other cases pending before this court - which contain no other clarification - are always directed at the petitioner's 'Wherefore'. Simply put, whatever is stated in the 'Wherefore' section of any motion requesting relief is what this court 'grants' or 'denies'. The language in L&R's motion leaves no

3

room for doubt that the discovery time period was stayed only as to the Plaintiff.

In contrast, the court's Order at Dkt. No. 83, granted the request made by L&R to extend the discovery period by sixty (60) days for all of the parties, but only provided sixty (60) days from the filing date of L&R's motion. The discovery period was extended to September 10, 2018, not the date requested in the 'Wherefore' which specifically stated September 18, 2018.[2] The Order[3] indicated that the discovery period for all the parties would conclude on September 10, 2018. As such, CEMEX's *Request for Leave and Extension of Time* [Dkt. No. 93] and Defendant's *Motion to Inform Discovery Request on Debtor* [Dkt. No. 94] are untimely and L&R need not respond to them.

The discovery period for the Defendants and CEMEX was not extended beyond September 10, 2018, nor will it be extended. The court in Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este and Sara Lopez, M.D., 456 F.3d 272, 277 (1st Cir. 2006) held that:

> …the district court has an interest in the efficient management of its docket. Whenever a party, without good cause, neglects to comply with reasonable deadlines, the court's ability to manage its docket is compromised. Courts are entitled to take sensible measures to guard against such debilitating occurrences. See Young v. Gordon, 330 F.3d 76, 83 (1st Cir. 2003) (reaffirming the court's "institutional interest" in ensuring compliance with discovery deadlines).

In all events, it is axiomatic that "a litigant who ignores a case-management deadline does so at his peril". Id. at 82. In line with the court's determination above, CEMEX's *Motion to Inform*

---

[1] These quotes are from the *Debtor's Response to Recent Motions filed by the Romans, Request for Hearing and that Period to Conclude Discovery be Stayed* [Dkt. No. 90].

[2] L&R's *Motion to Extend Discovery Period* [Dkt. No. 81], states in its 'Wherefore' that "the Debtor very respectfully requests this Honorable Court extend the period to conclude discovery until September 18, 2018".

[3] Prior to the entry of the court's Order at Dkt. No. 91.

*and Request Discovery be Permitted to all Defendants* [Dkt. No. 98] is hereby DENIED.

Accordingly, Defendants and CEMEX are precluded from propounding any discovery in this adversary proceeding.

SO ORDERED

San Juan, Puerto Rico, this 17th day of October, 2018.

Brian K. Tester
U.S. Bankruptcy Judge

5